

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 341 | **DATE** | 5/15/2003 |
| **CASE TITLE** | Adco Oil Company vs. Michael J. Rovell | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The bankruptcy court's order granting summary judgment in favor of appellee-debtor is affirmed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | number of notices | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | MAY 1 9 2003 | | 9 |
| ✓ | Docketing to mail notices. | date docketed | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | date mailed notice | | |

ED-7
FILED FOR DOCKETING

03 MAY 15 PM 4: 27

U.S. Date/time received in
central Clerk's Office COURT

mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ADCO OIL COMPANY,                        )
                                         )
                    Appellant,           )
                                         )
        vs.                              )        No. 03 C 341
                                         )
MICHAEL J. ROVELL,                       )
                                         )
                    Appellee.            )

## MEMORANDUM OPINION AND ORDER

On October 21, 1994, claimant-appellant Adco Oil Company (Adco) brought suit in the
United States District Court, Western District of Oklahoma, against debtor-appellee Michael
J. Rovell (Rovell), alleging legal malpractice due to a conflict of interest that arose when Rovell
represented Adco and a co-plaintiff. When Rovell sought bankruptcy relief the litigation was
removed to the United States Bankruptcy Court, Northern District of Illinois, Eastern
Division. On December 11, 1002, the Honorable Robert E. Ginsberg entered a final order
granting summary judgment in favor of appellee Rovell because appellant did not have
standing to bring the malpractice claim. For the following reasons, the order of the
bankruptcy court is affirmed.

## BACKGROUND

In 1986, Adco discovered a method for despacing and respacing Oklahoma gas fields,
which could have been worth as much as hundreds of millions of dollars. It hired attorney
Guy Taylor to assist in the initial development of the project, which involved leases overlying
land owned by Mobil Oil Company (Mobil). Adco entered into a general partnership

9

pursuant to Oklahoma law: the Hugoton Joint-Venture (HJV). The majority partner and largest financial contributor to HJV was Judson Stone. Pursuant to the partnership agreement Adco contributed no capital, only its method, but was entitled to 20% of the profits after the initial return on the investment (approximately $1.1 million). Taylor's improper disclosure of confidential information to Mobil resulted in the failure of the joint venture.

On February 24, 1988, Adco hired defendant-appellee Rovell on an hourly basis to determine whether it had a malpractice claim against Taylor. While Rovell was initially retained by Adco, he talked to other members of HJV, including Stone, while investigating the possible lawsuit. On March 16, 1988, unbeknownst to Rovell, Adco sent a letter to HJV agreeing to assign all rights in the potential lawsuit against Taylor to HJV and allowing Stone to control the litigation in exchange for continuing to receive 20% of all HJV profits.

On June 10, 1988, Rovell filed a state court claim in Oklahoma alleging fraud and malpractice against Taylor on behalf of Adco and HJV, subsequently adding Mobil as a defendant. Jenner & Block, Rovell's law firm, requested further engagement letters from both Adco and HJV, as parties to the lawsuit.

In 1989, Stone, on behalf of Adco and HJV told Rovell that the plaintiffs could no longer afford to pay him to represent them. Rovell agreed with Stone to keep his name as counsel of record so as to avoid demonstrating financial weakness to Mobil.

In March 1992, through other counsel, HJV reached a settlement agreement with Mobil in the amount of $250,000, which would require HJV to return the leases to Mobil. Stone then asked Rovell, now with a new law firm, to rejoin the litigation on a contingency basis, and Rovell agreed. Stone also advised Rovell of Adco's March 16, 1988, letter assigning the claims

to HJV.

After a status conference on March 25, 1992, Stone asked Rovell to drop Mobil as a defendant as a result of the settlement agreement. Rovell did so, dropping Mobil with respect to both Adco and HJV. Adco then formally terminated Rovell's services and his authority to act on its behalf and filed a motion asking the court to strike Adco as a party to the dismissal order and further "requesting Rovell to be required to prove his authority to act on behalf of the plaintiffs, Adco and HJV," as is allowed under Oklahoma law. After a hearing, at which Rovell testified, the court found that the assignment of the claims was valid and that Stone, on behalf of HJV, had the right to control the litigation. Adco appealed but the order was affirmed because the appellate court determined that the assignment was valid and that Adco therefore lacked standing to complain about decisions relating to the litigation.

Rovell then tried the case against Taylor on behalf of HJV, as the owner of Adco's claims. Before the trial he reached a high-low settlement pursuant to which plaintiffs would receive no less than $200,000 and no more than $850,000, regardless of the verdict. A jury subsequently returned a verdict of $120 million – $100 million in compensatory damages and $20 million in punitive damages. Because the actual recovery did not provide a return on the initial investment, Adco received nothing from the settlement.

## DISCUSSION

This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). Acting as an appellate court in bankruptcy proceedings, we accept the bankruptcy court's findings of fact unless clearly erroneous but review issues of law *de novo*. Matter of UNR Industries, Inc., 986 F.2d 207, 208 (7th Cir. 1993). The sole question presented on appeal is whether

appellant had standing to bring the malpractice claim against appellee.

A bankruptcy court, like any other federal court, lacks constitutional power to rule absent an actual controversy where the litigants have something at stake. Matter of FedPak Systems, Inc., 80 F.3d 207, 211 (7th Cir. 1996). Standing consists of three components:

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally-protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of.... Third, it must be likely ... that the injury will be redressed by a favorable decision.

*Id.* at 212, *quoting* Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

Appellant's complaint consists of five allegations against appellee. First, it claims that Rovell committed malpractice in failing to serve all of Taylor's partners. Second, Adco alleges that Rovell represented HJV when filing the motion to dismiss Mobil, despite the fact that this representation was adverse to Adco's interest. Third, Adco claims that Rovell testified at the hearing on the dismissal order, again adversely to Adco's interest. Fourth, appellant claims that Rovell improperly entered into the settlement on behalf of both HJV and Adco. Finally, Adco alleges that Rovell failed to deliver proceeds from the settlement to Adco.

It is undisputed that Adco and Rovell created an attorney-client relationship on February 24, 1988. This relationship saddled Rovell with the responsibility to avoid actual and potential conflicts of interest. Appellant is correct in asserting that this is a personal duty, owed to Adco as the client rather than to the litigation. Moreover, there is no limit as to the duration of this duty. Appellant spends much of its briefs detailing the duty owed by Rovell and how his subsequent involvement in the Taylor litigation on behalf of HJV breached this duty.

The issue before us, however, is whether appellant has standing to bring a tort claim against Rovell, not whether he breached a fiduciary duty owed Adco. Even assuming that Rovell did so, Adco does not adequately allege any injury related to Rovell's alleged misconduct. Appellant's allegations all involve events in the litigation against Taylor which occurred after the assignment letter.[1] In reviewing the legal issues of the case, we are not in a position to question the validity of the assignment. Treating the assignment as valid, Adco cannot claim any injury that could be remedied by a favorable decision against Rovell. While it was certainly possible that a breach of duty by Rovell as Adco's attorney could have caused an injury to appellant, it could not have done so within the context of the Taylor litigation in which Adco had no protected interest.

HJV was free to hire Rovell as its attorney, and free to accept the settlement offers from Mobil and then from Taylor. In fact, HJV could have immediately dropped the lawsuits against Taylor and Mobil, leaving Adco without a potential remedy against either defendant. Adco realized this and accepted the risk when assigning its rights to HJV.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's order granting summary judgment in favor of appellee-debtor is affirmed.

James B. Moran

**JAMES B. MORAN**
Senior Judge, U. S. District Court

May 15, 2003.

---

[1] We note that Adco would have a concrete injury if Rovell had represented both parties while negotiating the assignment of the litigation interests. As it is, Rovell did not know about the assignment until four years after the letter from Adco to HJV.